Jimmy ANDREWS, Etc., et al., Plaintiffs,

v.

CITY OF MONROE, et al., Defendants,

MONROE CITY SCHOOL BOARD, Defendant-Appellee,

v.

Ada BLAKES, et al., Intervenors-Appellants.

No. 83–4053

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 30, 1984.

---

Jones, Jones & Jones, Benjamin Jones, Monroe, La., for intervenors-appellants.

William G. Kelly, Jr., Monroe, La., for defendant-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

GEE, Circuit Judge:

Ada Blakes, et al., Intervenors, appeal from an order entered by the district court in this school desegregation case which permitted the city school board of Monroe, Louisiana, to establish an advanced placement program in its high schools.[1] We affirm.

In the fall of 1982, the district court granted a Monroe City School Board motion which permitted the Board to implement an advanced placement program for the high schools in the school system, commencing with an English program at Neville High School. Intervenors Ada Blakes, et al., a group seeking to promote the interests of the Monroe black community, appeal the ruling, arguing that the program constitutes prohibited ability grouping in violation of Fifth Circuit law and Judge Stagg's order in this case of July 21, 1981. We conclude that the advanced placement program instituted for academic year 1982–83 does not constitute ability grouping and affirm.

The district court's order of July 21, 1981, provided, in pertinent part:

IT IS FURTHER ORDERED AND ADJUDGED that defendant, Monroe City School Board, cease the use of ability grouping in any form in any of its schools until this court declares the system unitary. This order in no way limits the Board's discretion to allow development of varying ability levels *within* classes that have been assigned on a random basis.

The Board envisioned an advanced placement program in the high schools which would provide college level courses in selected subjects with potential college credit. Upon completion of the course the student would receive not only a traditional grade and credit toward high school graduation,

---

1. The historical facts of this case are detailed at length in *Andrews v. City of Monroe,* 513 F.Supp. 375 (W.D.La.1980), *aff'd. sub nom Taylor v. Ouachita Parish School Bd.,* 648 F.2d 959 (5th Cir.1981). This case, No. 83–4053, was consolidated for appellate purposes with No. 82–4546. This opinion is dispositive of No. 83–4053 only.

1051

but also eligibility for a test in that subject administered by the College Board. On the strength of that test grade college credit could be given for the same course at participating institutions. The Louisiana State Department of Education urged Louisiana high schools to adopt the College Board advanced placement program.

The Board's specific proposal was to offer an advanced placement English class for academic year 1982–83 at Neville High School. Following the district court's permission to do so, the course was actually instituted, being offered as an elective course to all Neville High School seniors who had passed English III, the English course required of all juniors. Other than a passing grade in English III, nothing was required of a student who wished to take advanced placement English; it was merely a matter of signing up.

The Ada Blakes group argues that the advanced placement English section is a prohibited ability grouping within the meaning of the July 21, 1981 order and the holdings in *Castaneda v. Pickard,* 648 F.2d 989 (5th Cir.1981); *United States v. Gadsden County School District,* 572 F.2d 1049 (5th Cir.1978); *Morales v. Shannon,* 516 F.2d 411 (5th Cir.), *cert. denied,* 423 U.S. 1034, 96 S.Ct. 566, 46 L.Ed.2d 408 (1975); and *McNeal v. Tate County School District,* 508 F.2d 1017 (5th Cir.1975). But none of their contentions are meritorious because they have failed to take into account the definition of "ability grouping." In her thorough opinion in *Castaneda v. Pickard,* Judge Randall defined "ability grouping" as "the practice of a school *assigning* a student to a particular educational program designed for individuals of particular ability or achievement." *Castaneda v. Pickard,* 648 F.2d at 997 (emphasis added). High school students enrolled in the school system scrutinized in *Castaneda* chose, with the assistance of their parents and school counselors, the subjects they wished to study. Because self-selection played such a large part in the process by which those students ended up in a particular course, the *Castaneda* panel decided that ability grouping was not employed at the high school level in that school system. *Id.* The logical conclusion from *Castaneda* is that no high school elective course which may be freely selected by a student without such specific entrance requirements as achievement test scores, school grades, teacher evaluations, or school counselor recommendations can constitute ability grouping.

The same reasoning applies to the advanced placement English class at Neville High School. Advanced placement English was an elective course. No one was "assigned" to it. The seniors were free to select the course regardless of achievement test scores, school grades, teacher evaluations, or school counselor recommendations. We conclude that the advanced placement English program for academic year 1982–83 at Neville High School did not employ ability grouping. The district court's ruling is

AFFIRMED.